IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-41929 |
| | ) | |
| ROSS GLENN BOYDSTON and | ) | CH. 12 |
| MELANIE ANN BOYDSTON, | ) | |
| | ) | |
| Debtor(s). | ) | |
| | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska on May 6, 2009, regarding Filing No. 39, Motion to Dismiss Case, filed by American Mortgage Company, North Platte, Nebraska, and Filing No. 48, Resistance, filed by Debtors. James Nisley appeared for the Debtors, Susan Williams appeared for American Mortgage Company, North Platte, Nebraska, and James Overcash appeared as Chapter 12 Trustee.

American Mortgage Company has filed a motion to dismiss this case based upon unreasonable delay and/or gross mismanagement by the Debtors that is prejudicial to the creditors and fraud committed by the Debtors in connection with the case. Dismissal for these reasons is specifically authorized under 11 U.S.C. § 1208(c) and (d). The motion is granted. I find as a fact that the Debtors have committed fraud in connection with this case.

The Debtors have failed to list in the original statement of financial affairs or any of the amended statements, transfers of livestock within two years of filing of the case. The evidence presented by American Mortgage Company includes an affidavit of E. Dean Niedan, an officer, with an attachment received from Nebraska Brand Inspector's Office that 10 head of livestock were sold by Ross Boydston on or about April 1, 2008. The mortgage company has a security interest in the livestock but the check was not made jointly payable to the Debtor and the mortgage company, and the mortgage company has not received payment of the proceeds.

The Debtors provided a financial statement to the mortgage company in September of 2007 listing five horses with the value of $7,500. No horses are listed on the schedules and, in response to objections raised by the mortgage company concerning that matter, the Debtors explain that they have two horses of very little value. The schedules have not been amended to show the horses, nor the method of valuation.

Filing No. 51, the second affidavit of E. Dean Niedan, shows at Exhibit D, that the Debtors sold five head of livestock on January 27, 2008. Those sales were without disclosure to the mortgage company and without providing any proceeds to the mortgage company. Such sales were not listed on the original schedules or any amended schedules. They were also not listed on the statement of financial affairs.

In February of 2008, the Debtors represented to the mortgage company that there were 40 head of heifers to be sold. The schedules list 27 head. The explanation of the Debtors for the shortage is that the missing animals were killed in a storm in the winter of 2008. The Debtors did not inform the mortgage company of any such death loss until the bankruptcy case was filed and they have provided no evidence, such as receipts from a rendering company, photographs, or anything else, to support the loss of the animals.

During the case, on March 6, 2009, the Debtors sold 49 head of livestock at the Crawford Livestock Market in Crawford, Nebraska. The Debtors did not advise American Mortgage Company of this sale. The Debtors arranged for a check to be issued directly to the employer of the Debtors, Bottorf Farms, in the amount of $11,542.62, for a feed lien. This transfer was in violation of an agreement made by the Debtors and Bottorf Farms when the livestock was placed on property of Bottorf Farms over the objection of the mortgage company. The check did not name American Mortgage Company as a co-payee. The mortgage company, after discovering the sale and purported payment of a feed lien, convinced the livestock company to stop payment and write a new check with the mortgage company named as a payee. Although this court ordered that the Debtors turn over to the mortgage company any and all checks for representing such sale, there is no evidence that the Debtors have done so.

Finally, at the first meeting of creditors, Debtor Ross Boydston denied that there had been any sales of collateral or transfers of assets which were subject to the lien of American Mortgage Company in the year prior to filing the bankruptcy petition, except for those listed on the schedules and statement of affairs.

The activities described above are fraudulent as to the mortgage company. Debtors have a duty to honestly complete schedules and statements of affairs and disclose all transfers. Selling livestock which is collateral of the mortgage company without notifying the buyer or the livestock company arranging the sale, that there are liens on the livestock and without making certain that the lien holder is protected by checks being issued jointly to the Debtors and the lien holder, are fraudulent activities, and, in this case, arise to the level that causes this case to be dismissed.

IT IS ORDERED that, for the reasons listed above, Filing No. 39, Motion to Dismiss Case, is granted.

DATED:    May 7, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
Bankruptcy Judge

Notice given by the Court to:
    James Nisley
    *Susan Williams
    James Overcash
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.